WILL DOVE v. THE STATE.

No. 6041.   Decided June 15, 1921.

Rehearing denied October 19, 1921.

1.—Intoxicating Liquors—Possession—Statement of Facts—Bill of Exceptions.

In the absence of a statement of facts and bills of exception, every presumption must be indulged as to the regularity of the proceedings and the correctness of the judgment; and the instant case must be affirmed.

2.—Same—Rehearing—Practice on Appeal—Evidence—Practice in Trial Court.

In the absence of a statement of facts, this court is deprived of any means by which it may determine that certain evidence was improperly admitted, and must presume that no error in fact occurred.

3.—Same—Indictment—Verdict.

Where there was no vice in the indictment, there was no error in refusing a requested charge to instruct a verdict of "Not Guilty," because the indictment was defective.

Appeal from the District Court of Nacogdoches. Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of having in possession intoxicating liquors; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*S. M. Adams,* for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction was for possession of intoxicating liquors, not for medicinal, mechanical, scientific or sacramental purposes. Punishment fixed at three years in the penitentiary.

The record is before this court without statement of facts or bills of exceptions.

The conviction was had at a term of court which adjourned on March 27, 1920. The record was not filed in this court until October 22, 1920. As an excuse for not getting the record filed at an earlier date, the clerk certifies that the attorney for appellant carried the original papers to his office for the purpose of writing the bills of exceptions, etc., and lost the papers and was only able to produce them on October 20th, and did not prepare the appeal or furnish the statement of facts.

We much prefer to dispose of cases on the merits; but in the absence of statement of facts and bills of exceptions every presumption must be indulged as to the regularity of the proceedings, and correctness of the judgment.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### October 19, 1921.

HAWKINS, Judge.—In his motion for rehearing appellant insists that this court may consider his special charges which were refused, even in the absence of a statement of facts. We did not overlook them in disposing of the case in the first instance. An application for suspended sentence was filed, and this issue was submitted to the jury. The first special charge requested sought to have withdrawn from the jury's consideration certain evidence which would have been pertinent under proper circumstances on the issue of suspended sentence. In the absence of statement of facts we are deprived of any means by which we may determine this evidence to have been improperly admitted, hence must presume that no error in fact occurred.

The second special charge was a request for an instructed verdict of "not guilty," because of an alleged defective indictment. We have discovered no vice in the indictment.

The motion for rehearing is overruled.

*Overruled.*